No. 31,094

DELLA SCHMELING, *Appellant,* v. THE F. W. WOOLWORTH COMPANY,
*Appellee.*

(26 P. 2d 265.)

Opinion denying a rehearing filed August 22, 1933. (For original opinion of affirmance see 137 Kan. 573, 21 P. 2d 377.)

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.

*J. E. McFadden, O. Q. Claflin,* both of Kansas City, *O. C. Mosman, Clay C. Rogers* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appellant has filed, by leave of court, a second petition for a rehearing on the ground that the court in its opinion failed to determine the question of the constitutionality of R. S. 1931 Supp. 44-543, but instead did consider the validity and constitutionality of R. S. 1931 Supp. 44-542, the constitutionality of which was not challenged, but appellant claims that to save sections 44-505 and 44-543 from the objection of unconstitutionality there should be read into 44-542 the requirement of a notice of the election of the employer. The petition presented a common-law action for damages for personal injuries. The answer pleaded an election of the employer to come under R. S. 1931 Supp. 44-505 of the workmen's compensation law long before the accident. The plaintiff replied that sections 44-505 and 44-543, R. S. 1931 Supp. "are, in so far as they deprive plaintiff of her right to maintain this action unconstitutional." In the journal entry of judgment only these two sections were mentioned, and they were held to be constitutional. The opinion of the trial court, set out in the abstract, shows the question of the necessity of a notice of the election of the employer was the only matter under consideration, and it was held not to be necessary to the validity of the law. The specification of error assigned is in the holding of the trial court that sections 44-505 and 44-543 were constitutional.

The appellant in her brief, as the fourth item under the head of essentials, states:

"That if the defendant's alleged election was otherwise good, it was not and

is not binding upon plaintiff, for the reason that the law of 1927, secs. 44-505, 44-542 and 44-543, R. S. 1931 Supp., did not in terms make any provision for notice to the employees, and that none was given to plaintiff; and unless the statute be construed to require notice, it was not and is not binding upon plaintiff; and was inoperative, void and in violation of sections 1 and 18 of the Bill of Rights of the Constitution of Kansas and the Fourteenth Amendment to the Constitution of the United States, in that its enforcement would illegally deprive plaintiff of her right to maintain this action."

Aside from the few items as to the form of the election document filed with the commissioner, the sole question involved in the case was the failure to give notice of the election of the employer. The arguments pro and con were directed to that question almost exclusively, and the court, after holding that notice was not required, further held that the only two statutes having anything to do with an election by the employer were constitutional—they being sections 44-505 and 44-542.

Section 44-543 concerns the election by the employee. No issue of fact or of law was presented as to an election by the employee.

The second petition for a rehearing is denied.